UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DHR INTERNATIONAL, INC.,

    Plaintiff,

    v.

ADAM CHARLSON,

    Defendant.
_____/

No. C 14-1899 PJH

**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION, AND DENYING MOTION FOR LEAVE TO CERTIFY INTERLOCUTORY APPEAL**

       On September 26, 2014, the court granted the motion of defendant Adam Charlson ("Charlson") to dismiss the sixth cause of action for breach of contract (specifically, breach of the "clawback" provision of the employment agreement).  In opposing the motion, plaintiff DHR International, Inc. ("DHR") argued that, per the choice-of-law provision in the contract, the court should apply Illinois law, not California law, and that under Illinois law, the "clawback" provision is enforceable.  In the alternative, DHR asserted that the "clawback" provision does not violate § 221 of the California Labor Code, because the bonuses at issue in this case were "advances."

       The court dismissed the breach of contract claim with prejudice.  DHR now seeks leave to file a motion for reconsideration of that ruling, or, in the alternative, requests that the court certify that ruling for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

1. Request for leave to file a motion for reconsideration

DHR seeks reconsideration of the ruling that California law applies (rather than Illinois law), and also seeks reconsideration of the order dismissing the breach of contract claim.

Under the Civil Local Rules of this court, a party seeking reconsideration of an interlocutory order, must first file a motion for leave to file a motion for reconsideration, in which the party must specifically show

> (1) that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the court before entry of the interlocutory order for which the reconsideration is sought, and that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) the emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) a manifest failure by the court to consider material facts which were presented to the court before such interlocutory order.

Civ. L.R. 7-9(b). Moreover, "no motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered. Civ. L.R. 7-9(c).

Here, DHR cites Local Rule 7-9(b), but does not clearly identify which provision of Rule 7-9(b) it believes provides the basis for its request to file a motion for reconsideration. Nor does DHR acknowledge the existence of Rule 7-9(c). DHR simply asserts that reconsideration is warranted for two reasons – because what DHR calls Charlson's "incentive compensation bonuses pursuant to contract and not involving Charlson's standard wage" do not implicate California policy and thus Illinois law applies; and because even if the court continues to apply California law, Charlson did not fully earn what DHR calls "the incentive bonuses" because he did not satisfy all conditions precedent to receiving those bonuses, and thus they were not wages. DHR focuses on the question whether the bonuses it paid to Charlson were wages or instead represented a "contingent expectation" of receiving a bonus in the future.

DHR relies on Neisendorf v. Levi Strauss & Co., 143 Cal. App. 4th 509 (2006) – a California Court of Appeal case it cited in a motion filed in the related case – Charlson v. DHR, C-14-3041 – but not in its opposition to Charlson's motion to dismiss in this case. DHR faults the court for failing to address Neisendorf in its September 26, 2014 opinion, asserting that DHR "brought [Neisendorf] to this Court's attention in connection with a separate motion to dismiss prior to this court's September 26, 2014 ruling." In other words, in evaluating Charlson's motion to dismiss the breach of contract claim in this case, the court was (in DHR's view) required to consider arguments made by DHR in opposition to Charlson's motion to dismiss in a separate case. DHR asserts that because the court relied in part on Schacter v. Citigroup, Inc., 47 Cal. 4th 610 (2009), and because Schacter cited Neisendorf, the court should now reconsider its prior ruling in light of Neisendorf.

In Neisendorf, the plaintiff's employment at Levi Strauss made her eligible to receive bonuses under the Annual Incentive Plan and the Leadership Shares Plan. Under both Plans, the "payout" date came during the year following the year on which the bonuses were based. In order to receive a bonus under the Annual Incentive Plan, the employee was required to be an active employee on the payout date. Any employee who was involuntarily terminated prior to the payout date would not be eligible to receive a bonus under the Annual Incentive Plan. As for the Leadership Shares Plan, any employee who had been terminated for unsatisfactory performance or gross misconduct prior to the award payment would not be eligible to receive the bonus. The plaintiff was terminated for unsatisfactory performance and gross misconduct in November 2002. Neisendorf, 143 Cal. App. 4th at 520-22.

The bonus payout dates occurred in February 2003. Nevertheless, the employee claimed she was eligible to receive the bonuses because she had "earned" them prior to her termination. The court disagreed, finding "nothing in the public policy of this state concerning wages that transforms [plaintiff's] contingent expectation of receiving bonuses into an entitlement." Id. at 522. It is true that the Schacter court quoted Niesendorf for this

3

proposition, but that fact is not sufficient to change the court's ruling in the present case, given the court's conclusion that Charlson had fully earned the bonuses at the time they were paid.

The request for leave to file a motion for reconsideration is DENIED. First, DHR clearly cannot be arguing that at the time of the motion, a material difference in facts or law exists from what was presented to the court, and that DHR did not know such facts or law at the time of the interlocutory order. By its own admission, DHR was fully aware of Neisendorf – the case it claims the court should have considered – as of the time of the interlocutory order. Nor can DHR be arguing that there are new material facts or a change of law occurring after the date of the interlocutory order.

Nor has DHR shown a "manifest failure" by the court to consider material facts or dispositive legal arguments which were presented to the court prior to the interlocutory order. Even were Neisendorf sufficient to change the ruling in this case – which it is not, as it serves only to provide support for the court's prior ruling – DHR did not "present" that case to the court in connection with its opposition to Charlson's motion to dismiss. The fact that DHR mentions the case in its own motion to dismiss the case filed by Charlson is irrelevant.

Moreover, what DHR is attempting to do is re-argue its opposition to the motion to dismiss. Rule 7-9 specifically prohibits basing a motion for reconsideration on a party's prior argument.

2.   Request to certify decision for interlocutory appeal

In the alternative, DHR argues that this court should certify the issue (dismissal of the breach of contract claim) for interlocutory appeal.

Appeals normally follow final judgment. See 28 U.S.C. § 1291; Couch v. Telescope Inc., 611 F.3d 629, 632 (9th Cir. 2010). There is a narrow exception to the final judgment rule: A federal district court may certify for interlocutory review any non-dispositive order in which (1) there is a controlling question of law upon which (2) there is a substantial ground for difference of opinion, and (3) the immediate appeal of which will materially advance the

4

ultimate termination of the litigation. See 28 U.S.C. § 1292(b).

The purpose of this statute is to provide "immediate appeal of interlocutory orders deemed pivotal and debatable." Swint v. Chambers Cnty. Comm'n, 514 U.S. 35, 46 (1995). Motions under § 1292(b) are to be granted sparingly. See James v. Price Stern Sloan Inc., 283 F.3d 1064, 1068 n.6 (9th Cir. 2002); see also In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir. 1982) (district court may certify order for interlocutory review "only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation").

DHR contends that in this case, there is a controlling question of law – the question whether California or Illinois law applies to the employment agreement, and the question whether the "clawback" provision is enforceable. DHR asserts further that there is a substantial ground for difference of opinion because this is a "novel and difficult question of first impression," and "reasonable jurists might disagree" on the resolution of the issue. DHR notes that court stated in its opinion that "there appears to be no case that is exactly on point with the present case," which demonstrates that the question is "novel and difficult."

As for the third prong, DHR contends that resolution of this question will materially advance the termination of litigation because it will facilitate getting a final decision on a controlling legal issue sooner, rather than later. DHR asserts that the determination of whether Charlson breached the employment agreement's "clawback" provision will influence how DHR "analyzes and conducts discovery into the parties' rights and obligations to each other with regard to the [e]mployment [a]greement, how it calculates damages and could result in multiple trials if a different conclusion is reached on appeal."

The court finds that the motion must be DENIED. DHR has not established the exceptional circumstances required for certification for interlocutory review. A party must establish that all three requirements of section 1292(b) are met in order to seek an appeal of an interlocutory order. Couch, 611 F.3d at 633.

Here, DHR has arguably satisfied the first requirement – that there be a controlling

question of law at issue. The Ninth Circuit has suggested that a "controlling question" should be limited to such issues as who are proper parties, whether a court has jurisdiction, and whether state or federal law should apply. See Rollins v. Dignity Health, 2014 WL 1048637 (N.D. Cal. Mar. 17, 2014) (citing In re Cement, 673 F.2d 1020, 1026 (9th Cir. 1982). The resolution of the "choice of law" dispute might qualify as a "controlling issue of law under this standard. However, the main legal issue raised by DHR is the validity of the "clawback" provision, which is more of a garden-variety question of correct application of the law to the facts.

With regard to the second requirement – that there is a substantial ground for difference of opinion – the fact that DHR disagrees with the ruling does not necessarily mean that there is a substantial ground for difference of opinion – neither with regard to which state's law applies, nor with regard to whether the bonuses, which were fully paid, constituted wages. The court did acknowledge in its prior order that there appeared to be no case directly on point, as the court had located no case holding that a clawback provision is unlawful under Labor Code § 221 where the conditions for earning the bonus have been fulfilled and the bonus has been fully paid. However, that does not translate into a substantial ground for difference of opinion.

The question whether there is a "substantial ground for difference of opinion" turns upon the extent to which controlling law is unclear because, for instance, "the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." Couch, 611 F.3d at 633. An argument "[t]hat settled law might be applied differently does not establish a substantial ground for difference of opinion." Id. Likewise, disagreement with the Court's ruling is not sufficient to establish a "substantial ground for difference of opinion." Id.

With regard to the third requirement – that appealing the order may materially advance the ultimate termination of the litigation – this is not a case where certifying an interlocutory appeal will help avoid protracted and expensive litigation. Indeed, without the

breach of contract claim, there will simply be fewer causes of action in the case. Moreover, regardless of whether DHR wins or loses in this litigation, it may well appeal the dismissal of the breach of contract claim. Thus, allowing an appeal now will not make the litigation any less expensive.

The December 3, 2014 hearing date is VACATED.

**IT IS SO ORDERED.**

Dated:  October 31, 2014

_____
PHYLLIS J. HAMILTON
United States District Judge